```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

UNITED STATES OF AMERICA,            07 Cr 375 (SCR)

        -v.-                         NOTICE OF MOTION
                                     ON BEHALF OF
VICTOR TAVAREZ and CRESENCIA BAYRON,  DEFENDANT BAYRON

            Defendants.

----------------------------------X
```

    PLEASE TAKE NOTICE that upon the annexed affirmation of THEODORE S. GREEN dated July 31, 2007, the annexed declaration of CRESENCIA BAYRON dated July 31, 2007, and the prior proceedings herein, the undersigned will move this Court on October 12, 2007, at 10:00 A.M. before Hon. Stephen C. Robinson, District Judge, at the Courthouse, 300 Quarropas Street, White Plains, New York, 10601 for orders:

    1. Suppressing a statement attributed to defendant – and any physical evidence which the police may rely on from their seizure of the defendant or her automobile – upon the ground that it was obtained following and as the fruit of defendant's arrest without probable cause, in violation of her right to remain free from unlawful searches and seizures pursuant to U.S. Const., Amend. IV; or alternatively directing a *Mapp* hearing;

    2. In connection with the hearing requested in paragraph 1, above, directing disclosure of the identity of the confidential source who is alleged to have supplied information to police relied

PDF created with pdfFactory trial version www.pdffactory.com

on to justify their arrest of the defendant, and directing that person's appearance at the requested pre-trial probable-cause hearing, that the confidential source be questioned *in camera* by the Court and counsel;

    3. Directing disclosure of the name and contact information of the confidential source and an opportunity for the defense to interview that person before trial;

    4. Directing disclosure of any proposed F.R.E. 404(b) evidence;

    5. Directing disclosure of written or other records of defendant's alleged pre-arrest statements;

    6. Granting such other and further relief as may be appropriate.

```
Dated:   White Plains, New York
         August 1, 2007
                                 Yours, etc.,

                                 s/ Theodore S. Green
                                 _____
                                 THEODORE S. GREEN
                                 TG 1884
                                 Attorney for Defendant
                                 GREEN & WILLSTATTER
                                 200 MAMARONECK AVE., SUITE 403
                                 WHITE PLAINS, NEW YORK 10601
                                 (914) 948-5656

TO:  BRENT S. WIBLE, ESQ.
     Assistant U.S. Attorney
     300 Quarropas Street
     White Plains, New York  10601
     (914) 993-1928
```

PDF created with pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

UNITED STATES OF AMERICA,                    07 Cr 375 (SCR)

     -v.-                                 AFFIRMATION

VICTOR TAVAREZ and CRESENCIA BAYRON,

        Defendants.

----------------------------------X

    THEODORE S. GREEN, an attorney admitted to practice in this Court, affirms under penalty of perjury pursuant to 28 U.S.C. 1746 as follows:

    1.  I am attorney of record for defendant Cresencia Bayron and submit this affirmation in support of her pretrial motions.[1]

    2.  As set forth in Ms. Bayron's annexed declaration, and in the government's complaint (annexed hereto as Exhibit A) Ms. Bayron, a licensed cab driver, was arrested on February 3, 2007, after dropping off a passenger in the vicinity of Woodworth Avenue in Yonkers, New York.

    3.  As set forth more fully in the annexed memorandum of law, the defense contends that the observations made by police are insufficient to support probable cause that Ms. Bayron had committed a crime.

---

[1] The correct spelling of Ms. Bayron's first name is Crescencia.

1

PDF created with pdfFactory trial version www.pdffactory.com

4. Elsewhere, however, the complaint alleges that the agents had prior information from an unidentified confidential source (the same source it is alleged arranged to buy drugs from Tavarez). According to the complaint, this source told agents in December 2006 that Tavarez "had told the CS that he [Tavarez] had sent" Bayron "to Atlanta, Georgia to buy drugs." The complaint adds that in "mid-December 2006" agents "stopped BAYRON getting off a bus. She indicated that she was returning from Atlanta, but she did not have drugs on her person or in her luggage." The complaint also alleges that in mid-December 2006, Tavarez and Bayron "met with the CS" and Bayron said "in sum, that she had been nervous when agents stopped her as she was getting off the bus and that she was lucky she had not been able to get drugs in Atlanta." In a May 15, 2007, demand letter to the government, I requested, among other things, the following information:

> In the complaint, you allege that the defendant said something in mid-December 2006 that was reported by a confidential source. With as much specificity as possible, state the date, time, place and circumstances of this alleged statement and provide us with any written summaries of same, whether made by the confidential informant or by law enforcement agents.

The letter also demanded:

> Any relevant oral, written or recorded statements alleged to have been made by the defendant including but not limited to the original notes of the agents and other law enforcement officials concerning any such statements and including notes or other recordings, or the substance of, any statements made during proffer sessions with the government.
> *[May 15, 2007, demand letter]*

PDF created with pdfFactory trial version www.pdffactory.com

    5. As set forth in Ms. Bayron's declaration Ms. Bayron was questioned by law enforcement after being taken into custody. We seek to suppress the results of that questioning as the product of defendant's unlawful arrest.

    I swear the foregoing is true.

    WHEREFORE on the foregoing grounds, it is respectfully requested that the relief sought herein be granted.

Dated:    White Plains, NY
           July 31, 2007

                                s/ Theodore S. Green

                                THEODORE S. GREEN TG 1884

PDF created with pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,               07 Cr 375 (SCR)

    -v.-                                Declaration

CRESENCIA BAYRON,

        Defendant.
----------------------------------X

    I, CRESENCIA BAYRON, declare under penalty of perjury pursuant to 28 U.S.C. 1746 as follows:

    1. I am the defendant in the above-titled case. This affirmation is submitted for a limited purpose to establish my standing to contest my arrest and, accordingly, I do not include every detail of and surrounding the events described herein.

    2. I am a licensed cab driver. On February 3, 2007, I was driving my cab in Yonkers, New York, where I dropped off a passenger.

    3. Shortly afterward, I was stopped and arrested by police in civilian clothes and unmarked cars. After taking me into their custody, I was questioned by law enforcement.

    4. This declaration was interpreted into Spanish for me before I signed it.

    I swear the foregoing is true.

Dated:    July 31, 2007

                                            _____
                                            CRESENCIA BAYRON

PDF created with pdfFactory trial version www.pdffactory.com

Approved: /S/
Brent S. Wible
Assistant United States Attorney

Before:   HONORABLE MARK D. FOX
          United States Magistrate Judge
          Southern District of New York

COPY

07 MAG. 0187

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :    COMPLAINT

          - v. -                    :    Violation of
                                         21 U.S.C. § 846
VICTOR TAVAREZ and                  :
CRESENCIA BAYRON,
                                    :    COUNTY OF OFFENSE:
          Defendants.                    WESTCHESTER
                                    :
- - - - - - - - - - - - - - - - - -x

FEB - 6 2007
RECEIVED
WHITE PLAINS OFFICE

SOUTHERN DISTRICT OF NEW YORK, ss.:

      CORNELIUS J. WESTBROOK, being duly sworn, deposes and says that he is a Detective with the Westchester County Police Department, and is assigned to the Westchester Drug Enforcement Administration ("DEA") Task Force, and charges as follows:

COUNT ONE

      From at least in or about December 2006, up to and including on or about February 3, 2007, in the Southern District of New York, VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, and others known and unknown, unlawfully, intentionally and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

      It was a part and object of the conspiracy that VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, would distribute and possess with intent to distribute a controlled substance, to wit, 500 grams and more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a), and 841(b)(1)(B).

Overt Acts

      In furtherance of the conspiracy and to effect the

illegal objects thereof, VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, committed the following overt act, among others, in the Southern District of New York:

    a. On or about February 3, 2007, VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, traveled to the 100 block of Woodworth Avenue in Yonkers, New York to sell cocaine.

(Title 21, United States Code, Section 846)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

1. I am a Detective with the Westchester County Police Department, and am assigned to the Westchester Drug Enforcement Administration ("DEA") Task Force. I have been personally involved in the investigation of this matter. This affidavit is based upon my investigation, my conversations with other law enforcement agents, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. In or about December 2006, a confidential source ("CS") told an agent with the Drug Enforcement Administration ("DEA") that VICTOR TAVAREZ, the defendant, had told the CS that he had sent CRESENCIA BAYRON, the defendant, to Atlanta, Georgia to buy drugs. In mid-December 2006, DEA agents and a Task Force Officer ("TFO") stopped BAYRON getting off a bus. She indicated that she was returning from Atlanta, but she did not have any drugs on her person or in her luggage.

3. Also in mid-December 2006, VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, met with the CS. BAYRON said, in sum, that she had been nervous when agents stopped her as she was getting off the bus and that she was lucky she had not been able to get drugs in Atlanta.

4. On or about February 2, 2007, the CS arranged to buy two kilograms of cocaine from VICTOR TAVAREZ, the defendant, the following day in Yonkers, New York.

5. On or about February 3, 2007, the CS was searched by DEA agents and wired with an audio transmitter and recording

2

PDF created with pdfFactory trial version www.pdffactory.com

device. DEA agents and TFOs then set up surveillance in the vicinity of a building in the 100 block of Woodworth Avenue in Yonkers. A man and a woman later identified as VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, subsequently arrived in the vicinity in a livery cab. BAYRON was driving the livery cab, and TAVAREZ was riding in the front passenger seat. TAVAREZ got out of the livery cab carrying a white plastic bag and met with the CS. This meeting was recorded. TAVAREZ told the CS, in substance and in part, that he had brought only one kilogram of cocaine and entered a building with the CS on Woodworth Avenue. TAVAREZ subsequently left the building.

6. A TFO and a DEA agent then entered the building and recovered from the CS a white plastic bag containing approximately one kilogram of a substance that field tested positive for the presence of cocaine. VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, were then arrested in or around the 100 block of Woodworth Avenue.

WHEREFORE, deponent prays that VICTOR TAVAREZ and CRESENCIA BAYRON, the defendants, be imprisoned or bailed, as the case may be.

CORNELIUS J. WESTBROOK
Detective, Westchester County
Police Department, Westchester DEA
Task Force

Sworn to before me this
5th day of February 2007

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

PDF created with pdfFactory trial version www.pdffactory.com