```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

UNITED STATES OF AMERICA,              07 Cr 375(SCR)

        -v.-

VICTOR TAVAREZ and CRESENCIA BAYRON,

            Defendants.

-----------------------------------X
```

MEMORANDUM OF LAW IN SUPPORT OF PRE-TRIAL MOTIONS
OF DEFENDANT CRESENCIA BAYRON

```
                        THEODORE S. GREEN
                        TG 1884
                        Attorney for Defendant
                        GREEN & WILLSTATTER
                        200 MAMARONECK AVE., SUITE 403
                        WHITE PLAINS, NEW YORK 10601
                        (914) 948-5656

TO:  BRENT S. WIBLE, ESQ.
     Assistant U.S. Attorney
     300 Quarropas Street
     White Plains, New York   10601
     (914) 993-1928
```

PDF created with pdfFactory trial version www.pdffactory.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT
POINT I
A HEARING IS REQUIRED TO DETERMINE WHETHER
ARRESTING AGENTS HAD PROBABLE CAUSE TO STOP AND
ARREST BAYRON; AT SUCH PROCEEDING, THE CONFIDENTIAL
SOURCE RELIED ON BY AGENTS SHOULD BE PRODUCED
OR, ALTERNATIVELY, QUESTIONED *IN CAMERA* . . . . . . . . . . 2

POINT II
DISCLOSURE OF THE IDENTIFY AND CONTACT INFORMATION
FOR THE CONFIDENTIAL SOURCE, PRE-TRIAL, AND
SUFFICIENT TO ENABLE COUNSEL TO INTERVIEW THE SOURCE,
SHOULD BE DIRECTED HERE . . . . . . . . . . . . . . . . . . . 6

POINT III
THE GOVERNMENT SHOULD BE REQUIRED TO DISCLOSE
ITS PROPOSED 404(b) EVIDENCE . . . . . . . . . . . . . . . . 8

POINT IV
THE GOVERNMENT SHOULD BE REQUIRED TO DISCLOSE
CERTAIN DISCOVERY . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 10

PDF created with pdfFactory trial version www.pdffactory.com

TABLE OF AUTHORITIES

<u>Cases</u>
*McCray v. Illinois*, 386 U.S. 300, 305 (1967) . . . . . . . 5

*Roviaro v. United States*, 353 U.S. 59 (1957) . . . . . . 4,5

*United States v. Anderson*, 509 F.2d 724(9th Cir. 1975) . 6

*United States v. Elliott*, 2006 U.S. Dist. LEXIS 4692
(E.D. Mich. 2006) . . . . . . . . . . . . . . . . . . . . . *6*

*United States v. Fields*, 113 F.3d 313 (2d Cir. 1997)  4,5,6

*United States v. Morrison*, 2007 U.S. Dist. LEXIS 25549
(EDNY 2007) . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Patrick*, 899 F.2d 169(2d Cir. 1990) . . 2

*United States v. Russotti*, 746 F.2d 945
(2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . 2,7

*United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) . . 4,7

*United States v. Turbide*, 558 F.2d 1053(2d Cir.),
*cert. denied sub nom., Perez v. United States*,
434 U.S. 934 (1977) . . . . . . . . . . . . . . . . . . . . 5

*United States v. Valenzuela-Bernal*,
458 U.S. 858 (1982) . . . . . . . . . . . . . . . . . . . . 5


<u>Rules</u>
Fed. R. Crim. P. 16(1)(B)(I) . . . . . . . . . . . . . . . 9

F.R.E. 404(b) . . . . . . . . . . . . . . . . . . . . . . . 8

PDF created with pdfFactory trial version www.pdffactory.com

This memorandum is submitted in support of the pre-trial of motions of defendant Cresencia Bayron seeking:

1.  Suppression of a statement attributed to defendant – and any physical evidence which the police may rely on from their seizure of the defendant or her automobile – upon the ground that it was obtained following and as the fruit of defendant's arrest without probable cause, in violation of her right to remain free from unlawful searches and seizures pursuant to U.S. Const., Amend. IV; or alternatively directing a *Mapp* hearing;

2.  Disclosure by the government of the identity of the confidential source who is alleged to have supplied information to police relied on to justify their arrest of the defendant, and directing that person's appearance at a pre-trial probable-cause hearing or, in the alternative, directing that the confidential source be questioned *in camera* by the Court and counsel;

3.  Directing disclosure of the identity of the confidential source and sufficient information to afford the defense an opportunity to interview that person before trial;

4.  Directing disclosure of proposed F.R.E. 404(b)

1

PDF created with pdfFactory trial version www.pdffactory.com

evidence;

5. Directing disclosure of any record of defendant's alleged pre-arrest statements;

6. Granting such other and further relief as may be appropriate.

ARGUMENT

POINT I

A HEARING IS REQUIRED TO DETERMINE WHETHER ARRESTING AGENTS HAD PROBABLE CAUSE TO STOP AND ARREST BAYRON; AT SUCH PROCEEDING, THE CONFIDENTIAL SOURCE RELIED ON BY AGENTS SHOULD BE PRODUCED OR, ALTERNATIVELY, QUESTIONED *IN CAMERA*

"Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990).

Ms. Bayron was arrested on or about February 3, 2007, in the vicinity of Woodworth Avenue in Yonkers, New York. At that

PDF created with pdfFactory trial version www.pdffactory.com

time, as confirmed by the complaint and Ms. Bayron's declaration, Ms. Bayron, a licensed cab driver, was driving her cab and dropped of a passenger in the vehicle. Upon stopping Ms. Bayron and arresting her, the agents, subjected her to custodial interrogation.

The defense contends that the observations made by police are insufficient to support probable cause that Ms. Bayron had committed a crime. It is not alleged that Ms. Bayron possessed a controlled substance or that she was involved in negotiations or discussions leading up to a drug transaction.

Elsewhere, however, the complaint alleges that the agents had prior information from an unidentified confidential source (the same source the complaint alleges arranged to buy drugs from Tavarez). According to the complaint, this source told agents in December 2006 that Tavarez "had told the CS that he [Tavarez] had sent" Bayron "to Atlanta, Georgia to buy drugs." The complaint adds that in "mid-December 2006" agents "stopped BAYRON getting off a bus. She indicated that she was returning from Atlanta, but she did not have drugs on her person or in her luggage." The complaint also alleges that in mid-December 2006, Tavarez and Bayron "met with the CS" and Bayron said "in sum, that she had been nervous when agents stopped her as she

3

PDF created with pdfFactory trial version www.pdffactory.com

was getting off the bus and that she was lucky she had not been able to get drugs in Atlanta."

It is not clear whether the arresting agents had knowledge of these claimed statements at the time they arrested Ms. Bayron. If the agents relied on information from the confidential source in deciding to arrest Bayron, then the source ought to be produced at a pre-trial suppression hearing or, alternatively, questioned *in camera*, in order to assess the truthfulness and basis of knowledge of the source's claimed information and the source's reliability.

The government has a qualified privilege to withhold information concerning the identities of confidential informants that it does not intend to call as witnesses. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, the "informant's privilege" must give way where the informant's testimony would be "material to the defense." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988) and where non-disclosure would deprive the defendant of his right to a fair trial. *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). In making this discretionary determination, the court should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other

4

PDF created with pdfFactory trial version www.pdffactory.com

relevant factors." *Roviaro*, 353 U.S. at 62.

Disclosure of an informant's identity does not require a showing that the informant's testimony would actually have been helpful to the defense; the defense need only show "the events to which a witness might testify, and the relevance of those events to the crime charged." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982). *United States v. Turbide*, 558 F.2d 1053, 1060 (2d Cir.), *cert. denied sub nom., Perez v. United States*, 434 U.S. 934 (1977).

It has been stated by our Court of Appeals that the need for disclosure is "far less compelling" when it is sought in connection with pretrial suppression issues, as opposed to the ultimate question of guilt or innocence. *See Fields*, *supra*, 113 F.3d at 324. *McCray v. Illinois*, 386 U.S. 300, 305 (1967) (no disclosure required, based on evidence, where presiding judge satisfied that the informant relied upon by arresting officer existed and was reliable).

In the present case, it appears, from the government's disclosure to date, that information attributed to the confidential source may well have been relied on as a basis for arresting Bayron. Accordingly, under these circumstances, disclosure should be required and the informant produced at a

5

PDF created with pdfFactory trial version www.pdffactory.com

suppression hearing.

Alternatively, courts have employed other, lesser remedies to production of the informant in open court. Specifically, courts have permitted *in camera* questioning of the confidential source with counsel present and participating in the examination. *United States v. Anderson*, 509 F.2d 724, 730-731 (9th Cir. 1975). Another procedure employed has been *in camera* questioning of the source by the Court, with the aid of written questions submitted by counsel. *Fields*, *supra*, 113 F.2d at 324-325; *United States v. Elliott*, 2006 U.S. Dist. LEXIS 4692 (E.D. Mich. 2006) (*in camera* examination of informant by Court). If the Court denies our application to produce the confidential source in open court, then we ask in the alternative that the lesser remedy of *in camera* questioning (preferably with counsel present) be applied.

### POINT II

> DISCLOSURE OF THE IDENTIFY AND CONTACT INFORMATION FOR THE CONFIDENTIAL SOURCE, PRE-TRIAL, AND SUFFICIENT TO ENABLE COUNSEL TO INTERVIEW THE SOURCE, SHOULD BE DIRECTED HERE

In the present case, the confidential source is not simply a peripheral or cumulative witness. Rather, it is alleged that

6

PDF created with pdfFactory trial version www.pdffactory.com

the confidential source is the one who arranged the drug transaction with co-defendant Tavarez.  In drafting the complaint, the government relied heavily on alleged admissions made by Tavarez and/or Bayron to the confidential source.

Accordingly, in order to afford Bayron a fair trial, she ought to have the means for her counsel, or a defense investigator, to interview the confidential source before trial.  This would require disclosure of the name and sufficient contact information.

"Although simply being 'a participant in and witness to the crime charged,' standing alone, is not sufficient to warrant disclosure, *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), disclosure is typically ordered '"where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence."' *Id.* (quoting *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984))." *United States v. Morrison*, 2007 U.S. Dist. LEXIS 25549 (EDNY 2007).

In the present case, disclosure ought to be ordered, to permit the defense to adequately investigate and prepare for trial.

PDF created with pdfFactory trial version www.pdffactory.com

## POINT III

### THE GOVERNMENT SHOULD BE REQUIRED TO DISCLOSE ITS PROPOSED 404(b) EVIDENCE

In order to facilitate the resolution of evidentiary issues, the government ought to disclose before trial any evidence which it proposes to offer pursuant to F.R.E. 404(b), including other crimes, wrongs or acts and the proposed theory of admissibility.

We had previously requested such information in a demand letter served upon the government on or about May 15, 2007.

Upon such disclosure, we ask to reserve our right to raise any arguments concerning admissibility of same.

## POINT IV

### THE GOVERNMENT SHOULD BE REQUIRED TO DISCLOSE CERTAIN DISCOVERY

In a May 15, 2007, demand letter, the defense requested as part of its request for particulars, the following:

> In the complaint, you allege that the defendant said something in mid-December 2006 that was reported by a confidential source. With as much specificity as possible, state the date, time, place and circumstances of this alleged statement and provide us with any written summaries of same, whether made by the confidential informant or by law enforcement agents.

8

PDF created with pdfFactory trial version www.pdffactory.com

>    *[May 15, 2007, demand letter]*

The letter also demanded:

>    Any relevant oral, written or recorded statements alleged
>    to have been made by the defendant  including but not
>    limited to the original notes of the agents and other law
>    enforcement officials concerning any such statements and
>    including notes or other recordings, or the substance of,
>    any statements made during proffer sessions with the
>    government.
>    *[May 15, 2007, demand letter]*

Although the defendant's purported statement is apparently alleged to have been given orally, such statement was likely memorialized in writing in a report by either a DEA agent or the confidential source.[1]  As such, we contend it constitutes a "recorded statement" of the defendant within the meaning of Fed. R. Crim. P. 16(1)(B)(I).  Accordingly, disclosure should be directed.

---

[1] We have received from the government a DEA report concerning alleged post-arrest statements of the defendant, but not as to any pre-arrest statements.

9

PDF created with pdfFactory trial version www.pdffactory.com

CONCLUSION

FOR THE REASONS STATED HEREIN, THE RELIEF SOUGHT BY THE NOTICE OF MOTION SHOULD BE GRANTED


Dated:   White Plains, New York
         August 1, 2007


                              Respectfully submitted,



                              THEODORE S. GREEN
                              *Attorney for Cresencia Bayron*
                              GREEN & WILLSTATTER
                              200 Mamaroneck Avenue - Suite 403
                              White Plains, New York   10601
                              (914) 948-5656



TO:      BRENT S. WIBLE, ESQ.
         Assistant U.S. Attorney
         300 Quarropas Street
         White Plains, New York   10601
         (914) 993-1928

PDF created with pdfFactory trial version www.pdffactory.com