UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA,      :
                              :
         - v. -                :          07 Cr. 375 (SCR)
                              :
VICTOR TAVAREZ,                :
CRESENCIA BAYRON,              :
                              :
              Defendants.      :
                              :
- - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO CRESENCIA BAYRON'S PRE-TRIAL MOTIONS**


                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              One St. Andrew's Plaza
                              New York, New York 10007

Brent S. Wible
Assistant United States Attorney
     -Of Counsel-

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Offense Conduct . . . . . . . . . . . . . . . . . 1

    B.   Post-Indictment Discovery. . . . . . . . . . . . .2

ARGUMENT

    I.  CRESENCIA BAYRON'S DISCOVERY REQUESTS
        SHOULD BE DENIED. . . . . . . . . . . . . . . 3

        A.  Rule 404(b) Material . . . . . . . . . . . . 3

        B.  Other Discovery Requests . . . . . . . . . . 5

    II.  CRESENCIA BAYRON'S MOTION FOR DISCLOSURE OF
        INFORMANT-RELATED INFORMATION SHOULD BE DENIED . . . .9

    III. CRESENCIA BAYRON'S MOTION TO SUPPRESS
        SHOULD BE DENIED SUMMARILY . . . . . . . . . . . 15

    IV.  THE GOVERNMENT IS ENTITLED TO
        RECIPROCAL DISCOVERY . . . . . . . . . . . . . . 21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . 22

## PRELIMINARY STATEMENT

The United States of America respectfully submits this memorandum of law in opposition to the pre-trial motions of defendant Cresencia Bayron.

Defendant Cresencia Bayron asks this Court for: (1) an order directing the Government to produce additional and/or early discovery, including early disclosure of 404(b) and Jencks Act material; (2) an order requiring the Government to disclose information about a Government informant; and (3) an order suppressing post-arrest statements Bayron made on or about February 3, 2007, and any physical evidence seized incident to her arrest, or a suppression hearing.

The defendant's motions are without merit or premature and, for the reasons set forth below, should be denied without a hearing.

## BACKGROUND

### A.    Offense Conduct

The defendants Cresencia Bayron and Victor Tavarez have been charged in a one-count Indictment with conspiring to distribute 500 grams and more of cocaine from at least in or about December 2006 through on or about February 3, 2007, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), and 846.  Bayron and Tavarez were

1

charged initially in a complaint that established probable cause to believe that they had committed this crime (the "Complaint").

## B.    **Post-Indictment Discovery**

On or about May 17, 2007, the Government produced, to each of the defendants, discovery including the Indictment; the Complaint; a CD containing recorded telephone calls between a confidential informant and Victor Tavarez; a CD containing a recording of the transaction on or about February 3, 2007; a laboratory report for the cocaine seized on or about February 3, 2007; reports indicating that a cellular telephone was seized from each of the defendants on or about February 3, 2007; and the defendants' respective criminal history reports.  Additionally, the Government produced to Cresencia Bayron the substance of her post-arrest statement made on or about February 3, 2007.

On or about July 31, 2007, the Government produced draft transcripts of the above-mentioned recordings to Cresencia Bayron after receiving a signed stipulation in which she agreed, inter alia, that the draft transcripts will not be used at any proceeding to conduct cross-examination of any witness or to impeach or call into question the accuracy of any final transcript.  To date, Victor Tavarez has not signed such a stipulation.

On or about August 16, 2007, the Government produced to each of the defendants the subscriber history and toll records for mobile telephones seized from the defendants.

### ARGUMENT

## I.   CRESENCIA BAYRON'S DISCOVERY REQUESTS SHOULD BE DENIED

Defendant Cresencia Bayron has made a motion setting forth requests for additional discovery.  Because (a) these requests are not required by any statute or the Federal Rules of Criminal Procedure, (b) the requested discovery does not exist, or (c) the requests are premature, the Government respectfully submits that each of the defendant's discovery requests be summarily denied.

Before addressing, in greater detail, the defendant's demands for 404(b) material and other discovery, the Government notes that, as described in the Background Section of this Memorandum, it has already produced discovery to the defendants pursuant to Federal Rule of Criminal Procedure 16.[1]

### A.   Rule 404(b) Material

Bayron requests an order directing the Government to disclose at this time or on a date certain well in advance of

---

[1] Of course, the Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will, if it obtains additional evidence, supplement its production of material required by Rule 16.

3

trial evidence that it will seek to admit at trial pursuant to Federal Rule of Evidence 404(b).  This request should be denied.

First, the Government is cognizant of the provisions for pretrial notice in Rule 404(b), and will provide such Rule 404(b) notice prior to trial.  Rule 404(b) provides no strict time deadline for notification.  The rule merely requires that the Government provide "<u>reasonable</u> notice in advance of trial, or during trial, if the court excuses pretrial notice on good cause shown" of its intent to use evidence of other crimes, wrongs, and bad acts.  Fed. R. Evid. 404(b) (emphasis added).  Ten days' notice has routinely been held to be adequate under the notice provision of Rule 404(b).  <u>See</u> <u>United States v. Valenti</u>, 60 F.3d 941 (2d Cir. 1995) (in embezzlement case, four days' notice of evidence of prior wire transfers showing defendant's knowledge sufficient notice of other acts evidence under Rule 404(b)); <u>United States v. Triana-Mateus</u>, No. 98 Cr. 958 (SWK), 2002 WL 562649, at *6 (S.D.N.Y. Apr. 15, 2002) (directing Government to provide 404(b) notice two weeks before trial).  Requiring substantially more than ten days' notice would be inappropriate, however, because the evidence that the Government wishes to offer may well change as the proof and possible defenses crystallize. <u>See</u> <u>United States v. Matos-Peralta</u>, 691 F. Supp. 780, 791 (S.D.N.Y. 1988).  In this regard, the Second Circuit has approved disclosure of Rule 404(b) evidence as late as four days before,

4

and even during, trial depending on the circumstances of the particular case.  See United States v. Valenti, 60 F.3d at 945 (notice four days prior to trial sufficient where Government provided documents to defense on same day they were obtained).

     In this case, no trial date has yet been scheduled, and the Government is still determining what evidence, if any, it will seek to introduce at trial pursuant to Rule 404(b). Accordingly, the Government respectfully submits that it will provide 404(b) notice at least ten working days (two weeks) before trial.  Such timely disclosure will give the defense an opportunity to challenge the admission of any such evidence and the Court to make appropriate findings.

**B.    Other Discovery Requests**

     Bayron requests that the Government provide the date, time, place, and circumstances of a statement the Complaint alleges Bayron made in the confidential informant's presence in or about mid-December 2006.  Bayron also requests any written summary of this statement, or any recorded statements of Bayron, including a record of any statement recounted to the Government by a witness during a proffer session.  Bayron apparently moves pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B).  For the reasons set forth below, her motion should be denied.

     To the extent Bayron is requesting an audio-recording of her December 2006 statement, there is none.  To the extent

5

Bayron is requesting any documentation of this oral statement by
the CI or law enforcement agents, whenever done, as a "written or
recorded statement of the defendant" under Rule 16(a)(1)(B)(i),
she is not entitled to it.  In re United States, 834 F.2d 283,
284-86 (2d Cir. 1987) (holding that oral statements by a
defendant to persons other than known government agents, which
have been documented at some point, are not discoverable as
"written or recorded statements" made by the defendant); United
States v. Burns, 15 F.3d 211, 214 n.1 (1st Cir. 1994) (agreeing
with the Second Circuit that "an oral statement does not become
'written or recorded' merely because a government agent made a
written summary of the statement before trial"); United States v.
Siraj, 468 F. Supp. 2d 408, 417-18 (E.D.N.Y. 2007) (ruling that
defendant was not entitled under Rule 16(a)(1)(B) to any written
summary of oral statements made to an undercover officer); United
States v. Safavian, 233 F.R.D. 205, 206 (D.D.C. 2006) (ruling
that defendant was not entitled under Rule 16(a)(1)(B) to any
documentation of a witness's statement that contained statements
of the witness "reporting his recollection of statements of the
defendant").  Nor is she entitled under Rule 16 to specific
details about the time and place her statement was made.

        Insofar as Bayron is requesting witness statements,
rather than a statement discoverable under Rule 16, the law is
clear that the Government is under no obligation under the Jencks

6

Act, 18 U.S.C. § 3500 et seq., to produce prior statements of its witnesses until after each has testified on direct examination. The Jencks Act provides in pertinent part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500.

Courts in this Circuit have consistently held that the district court lacks the power to mandate early production of Jencks material. See, e.g., United States ex rel. Lucas v. Regan, 503 F.2d 1, 3 n.1 (2d Cir. 1974); In re United States, 834 F.2d at 287; United States v. Ortiz-Montoya, No. 93 Cr. 0050 (RWS), 1995 WL 37841, at *1 (S.D.N.Y. Jan. 31, 1995); United States v. McGuinness, 764 F. Supp. 888, 896 (S.D.N.Y. 1991).

Similarly, courts in this Circuit have repeatedly refused to compel disclosure of impeachment or Giglio material (which encompasses much of the defendant's requests) well in advance of trial.  In United States v. Coppa, the Second Circuit held that the Government is not required to produce Giglio material until it produces "3500 material" pursuant to the Jencks Act, so long as the Government provides the Giglio material in time for its effective use at trial.  267 F.3d at

7

145-46; see also United States v. Nixon, 418 U.S. 683, 701
(1974) ("Generally, the need for evidence to impeach witnesses
is insufficient to require its production in advance of trial");
United States v. Greyling, 00 Cr. 631 (RCC), 2002 WL 424655, at
*2 (S.D.N.Y. Mar. 18, 2002) (production of Giglio material by
the Wednesday before the week in which a witness will testify is
appropriate); United States v. Gallo, No. 98 Cr. 338 (JGK), 1999
WL 9848, at *7-*8 (S.D.N.Y. Jan. 11, 1999) (denying defendants'
motions to require the early production of Giglio and 3500
material based on Government's representations that it would
provide the information sufficiently in advance of each
witness's testimony to allow adequate time to prepare for cross-
examination); United States v. Mejia, No. 98 Cr. 4, 1998 WL
456257, at *1 (S.D.N.Y. Aug. 5, 1998) (denying defendant's
motion to compel all impeachment material under Giglio based on
the Government's representations that it would make such
information available at the time that it provides 3500
material).

        However, in order to avoid any adjournment or delay in
the trial which might conceivably occur if 3500 and Giglio
material were not produced until after the Government's
witnesses have testified, the Government will adhere to its
customary practice of producing impeachment material at the same
time as Jencks Act material, i.e. the day before the

corresponding witness will testify, or, if additional time is reasonably required to review such material, sufficiently in advance of the witness's testimony so as to avoid any delay at trial.  This practice will allow defense counsel adequate time to prepare for cross-examination of Government witnesses as they come up at trial.

## II.  CRESENCIA BAYRON'S MOTION FOR DISCLOSURE OF INFORMANT-RELATED INFORMATION SHOULD BE DENIED

Bayron seeks discovery of personal information about the Government's confidential informant (the "CI"), specifically, the CI's name and contact information, both in connection with her request for a suppression hearing and with respect to trial itself.  Bayron has no right to such disclosure absent an unusual showing of need, which she has fallen short of making.  In any event, the Government anticipates calling the CI to testify as a witness at trial, and Bayron is not entitled to disclosure of the CI's identity in advance of the disclosure of other witnesses' identities.  Bayron's motion should accordingly be denied.

The "general and well-established rule is that the Government enjoys a 'privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.'"  United States v. Shamsideen, No. 03 Cr. 1313 (SCR), 2004 WL 1179305, at *11 (S.D.N.Y. March 31, 2004) (citing Roviaro v. United States,

9

353 U.S. 53, 59 (1957), and <u>United States v. Jackson</u>, 345 F.3d
59, 69 (2d Cir. 2003)).  An exception to this general rule
exists only where "the defendant shows that discovery of the
witness's identity is material to the defense."  <u>United States
v. Robles</u>, No. 04 Cr. 1036 (GEL), 2005 WL 957338, at *1
(S.D.N.Y. Apr. 22, 2005) (citing <u>United States v. Saa</u>, 859 F.2d
1067, 1073 (2d Cir. 1988)).

 The defendant bears the burden of demonstrating that
she is entitled to the "extraordinary remedy" of disclosure.
<u>United States v. Muyet</u>, 945 F. Supp. 586, 602 (S.D.N.Y. 1996).
It is not enough for the defendant simply to show that the
informant was a participant in and witness to the crime charged.
<u>United States v. Saa</u>, 859 F.2d at 1073 (citing <u>United States v.
Jiminez</u>, 789 F.2d 167, 170 (2d Cir. 1986)).  Nor can a defendant
meet her burden by speculating on the Government's case against
the defendant, or the informant's role therein.  <u>United States
v. Fields</u>, 113 F.3d 313, 324 (2d Cir. 1997) ("Speculation that
disclosure of the informant's identity will be of assistance is
not sufficient to meet the defendant's burden.").  Rather, the
defendant must make an affirmative showing that "the disclosure
of an informant's identity . . . is relevant and helpful to the
defense of an accused, or is essential to the fair determination
of a cause," <u>United States v. Saa</u>, 859 F.2d at 1067, and that,
accordingly, the need for disclosure of an informant's identity

10

outweighs the Government's interest in anonymity.  United States
v. Shamsideen, 2004 WL 1179305, at *11 (citing United States v.
Fields, 113 F.3d at 324); United States v. Jimenez, 789 F.2d at
170 (disclosure not warranted where defendant produced no
evidence that informant's testimony "would have been of even
marginal value to the defendant's case").

        Moreover, both the Second Circuit and the Supreme
Court have held that the need for disclosure is less compelling
vis-à-vis the Government's interest in anonymity when sought in
connection with a pretrial suppression hearing, where guilt is
not at stake, than when sought at trial.  United States v.
Fields, 113 F.3d at 324; McCray v. Illinois, 386 U.S. 300, 311-
12 (1967); United States v. Shamsideen, 2004 WL 1179305, at *12.
This is because "the interests at stake in a suppression hearing
are of a lesser magnitude than those in the criminal trial
itself."  United States v. Raddatz, 447 U.S. 667, 679 (1980)
("[A]lthough the Due Process Clause has been held to require the
Government to disclose the identity of an informant at trial,
provided the identity is shown to be relevant and helpful to the
defense, it has never been held to require the disclosure of an
informant's identity at a suppression hearing.  We conclude that
the process due at a suppression hearing may be less demanding
and elaborate than the protections accorded the defendant at the
trial itself." (internal citations omitted)).  The Second

11

Circuit has further noted that it "has taken the view that while disclosure is not absolutely precluded when sought in regard to a suppression hearing, it will be deemed appropriate only where the information supplied by such persons constitutes the 'essence,' 'core' or 'main bulk' of the probable cause upon which the authorities have relied, and where the critical information ascribed to these individuals is not in any significant manner corroborated by independent evidence." United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980).

        Here, Bayron fails to make the required showing for disclosure in connection with either (a) her request for a suppression hearing, or (b) trial itself.  To the extent Bayron seeks disclosure of the CI's identity in connection with her request for a suppression hearing, Bayron merely asserts that disclosure is warranted because "information attributed to the confidential source may well have been relied on as a basis for arresting Bayron."  Bayron Motions Brief at 5.  This assertion is inadequate and does not outweigh the Government's interest in shielding the CI's identity.  As noted above, the defendant's need for disclosure typically is not compelling in connection with a suppression hearing, where the interests at stake are of a lesser magnitude than those at trial and where courts may rely upon hearsay and other evidence not admissible at trial.  See United States v. Raddatz, 447 U.S. at 679.

12

Moreover, Bayron cannot make the showing required by
<u>Manley</u>. As set forth in the Complaint, the CI told DEA agents
in or about December 2006 that Tavarez had sent Bayron to
Atlanta, Georgia to buy drugs. Complaint ¶ 2. This information
was corroborated, in part, when DEA agents stopped Bayron in
mid-December 2006 as she was getting off of a bus and Bayron
admitted she was returning from Atlanta. <u>See</u> <u>id.</u> The CI's
statements that Bayron was involved in narcotics trafficking
with Tavarez were further corroborated when agents observed
Bayron drive Tavarez, who was riding in the front seat of
Bayron's livery cab with a white plastic bag containing a
kilogram of cocaine, to sell the CI cocaine on or about February
3, 2007. Complaint at ¶¶ 4-6. In the light of this
corroboration, the CI's information cannot be said to have
constituted the "essence," "core," or "main bulk" of the
probable cause the agents relied upon in arresting Bayron.
Accordingly, this aspect of Bayron's motion should be denied.

To the extent Bayron seeks disclosure of the CI's
identity pre-trial, Bayron's claim is similarly inadequate.
Bayron simply asserts that disclosure of the CI's identity is
necessary because the CI arranged the drug transaction with
Tavarez and because the Complaint relies on statements made to
the CI by Tavarez and/or Bayron about Bayron's involvement in
drug dealing with Tavarez. Bayron Motions Brief at 7. These

13

assertions are insufficient to meet Bayron's burden.  They
amount to a generalized claim that disclosure is necessary
because the CI was a witness to and participant in the charged
crime.  In Saa, by contrast, where the district court's failure
to order disclosure of the informant's identity was deemed error
on appeal, the defendant made a specific showing that a
particular informant's testimony would be material to the
defense by pointing to particular events about which the
informant might have testified.  859 F.2d at 1073-74.  Bayron
has made no such showing here.

        In any event, the Government intends to call the CI as
a witness to testify at trial, where the CI will be subject to
cross-examination, and the Government therefore will disclose
material as required by the Jencks Act and Giglio before the CI
testifies.  Consequently, because Bayron will be apprised of the
CI's identity and will have the opportunity to cross-examine the
CI, Bayron cannot claim the denial of her right to a fair trial
under Roviaro.  See United States v. Muyet, 945 F. Supp. at 602
n.16 (finding the defendant's right to a fair trial adequately
protected without early disclosure of a CI's identity where the
Government represented that the CI would be called to testify at
trial).  Several federal courts of appeals have held that where
an informant testifies at trial, a defendant is no more entitled
to disclosure of the informant's identity prior to trial than

14

she is to pretrial disclosure of the identity of any other
government witness.  See, e.g., United States v. Perkins, 994
F.2d 1184, 1190-91 (6th Cir. 1993); United States v. Pennick,
500 F.2d 184, 186-87 (10th Cir. 1974).

Accordingly, Bayron's motion for disclosure should be
denied.

## III. CRESENCIA BAYRON'S MOTION TO SUPPRESS SHOULD BE DENIED SUMMARILY

Cresencia Bayron requests a hearing to determine
whether agents had probable cause to arrest Bayron and seeks to
suppress (a) any statements she made to law enforcement agents
on or about February 3, 2007, and (b) any physical evidence
seized from her and her car incident to her arrest, on the
ground that her statements and this evidence were the fruit of
an unlawful arrest.  The motion should be denied summarily
without a hearing because Bayron has not controverted any of the
facts set forth in the Complaint which establish that there was
probable cause to arrest her.

The Court should not grant a suppression hearing
because Bayron has submitted an affidavit accompanying her
motion that fails to contest any of the facts set forth in the
Complaint or otherwise challenge those facts.  Her motion
therefore does not identify contested issues of material fact
requiring a hearing, but rather raises the legal question of
whether those facts set forth in the Complaint that were known

15

to the officers at the time of the arrest satisfied the probable cause requirement.

A defendant moving for the suppression of evidence seized following a search is not automatically entitled to an evidentiary hearing unless she supports her motion with "moving papers [that] are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question," United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992), including an affidavit of someone alleging personal knowledge of the relevant facts, see, e.g., United States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967).  Here, Bayron has not submitted an affidavit that would permit the Court to conclude that there are contested issues of fact warranting a hearing.  The Court should therefore deny the defendant's motion without a hearing if, based on those facts set forth in the Complaint that were known to the agents at the time of the arrest, there was probable cause to arrest Bayron.

Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested. See, e.g., Dunaway v. New York, 442 U.S. 200, 208 n.9 (1979); Panetta v. Crowley,

16

460 F.3d 388, 395 (2d Cir. 2006).  If the agents here had probable cause to arrest Bayron, Bayron's suppression motion must fail.

Although law enforcement officers generally may not conduct a search unless they first obtain a search warrant based on probable cause, there is a recognized exception to this general rule for a search incident to a lawful arrest.  "This general exception has historically been formulated into two distinct propositions.  The first is that a search may be made of the person of the arrestee by virtue of the lawful arrest. The second is that a search may be made of the area within the control of the arrestee." United States v. Robinson, 414 U.S. 218, 224 (1973).  Moreover, in New York v. Belton, 453 U.S. 454, 457 (1981), the Supreme Court dealt with what it called the "recurring factual situation," id. at 460, of searches of automobiles incident to arrest.  "In order to provide guidance to police officers working in the field, the Court developed the general rule that 'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.'" United States v. Tobon-Sierra, 954 F.Supp. 73, 75 (S.D.N.Y. 1997)(citing New York v. Belton, 453 U.S. at 460).  The Court further clarified that "the police may also examine the contents of any containers found

17

within the passenger compartment." Id. And this rule applies whether such containers are "open or closed," id. at 461; see United States v. Tobon-Sierra, 954 F. Supp. 73, 75 (S.D.N.Y. 1997); see also United States v. Burns, 684 F.2d 1066, 1073 (2d Cir. 1982)("The nature of the container and whether it was open or closed are immaterial under Belton."); United States v. Wallace, No. 97 Cr. 975 (RWS), 1998 WL 401534, at *8 (S.D.N.Y. July 17, 1998) ("According to the Supreme Court, 'container' includes 'closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like.'" (citing New York v. Belton, 453 U.S. at 460 n.4.)).[2]

      Here, the information known by the agents at the time of the arrest was sufficient to warrant the agents' belief that Bayron was participating in a narcotics trafficking conspiracy with Tavarez. As set forth in the Complaint, the agents knew at the time of Bayron's arrest, at a minimum, that (1) after the CI told agents that Bayron went to Atlanta to buy drugs on behalf of Tavarez, Bayron was stopped by agents as she was returning

---

[2] The car in which Bayron was located at the time of her arrest was also subject to an inventory search following its impoundment. Such searches are constitutional under the Fourth Amendment because they "serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." Colorado v. Bertine, 479 U.S. 367, 372 (1987).

18

from Atlanta, and (2) Bayron drove Tavarez to the drug
transaction with the CI that took place on or about February 3,
2007, and Tavarez rode in the front seat of Bayron's livery cab
with a plastic bag containing a kilogram of cocaine.  Bayron
claims that the Complaint is not clear as to whether, at the
time of her arrest, the CI had already told the agents about
Bayron's statement that she had been nervous when she was
stopped by the agents and was lucky that she had not gotten any
drugs in Atlanta.  Bayron Motions Brief at 4.  It is
indisputably clear from the Complaint, however, that the agents
obtained information from the CI in December 2006: they stopped
Bayron as she was getting off a bus from Atlanta based upon the
CI's tip.  It is reasonable to infer, therefore, that the agents
also learned from the CI, around that same time, of Bayron's
statements about the stop.  This information, taken together
with the agents' observations on February 3, 2007, clearly gave
the agents probable cause to arrest Bayron, as Magistrate Judge
Fox found in reviewing the Complaint.

        Even assuming that the CI waited over one month until
Bayron was arrested to tell the agents about Bayron's statement,
the facts included in the Complaint that the agents indisputably
knew at the time of Bayron's arrest establish probable cause.
Bayron contends that the agents lacked probable cause to arrest
her, asserting that "[i]t is not alleged that Ms. Bayron

possessed a controlled substance or that she was involved in negotiations or discussions leading up to a drug transaction." Bayron Motions Brief at 3.  Such allegations, however, are not necessary to establish probable cause.  Here, at a minimum, the agents had information in or about December 2006 that Bayron had traveled to Atlanta to buy drugs for Tavarez, and they stopped Bayron as she was returning from Atlanta.  Then, in or about February 2007, Bayron drove Tavarez to a drug transaction with the CI.  It is significant that Tavarez rode in the front seat of Bayron's livery cab with a kilogram of cocaine in a plastic bag, apparently taking no steps to conceal the transaction from Bayron.  Taken together, these facts indicated to the agents that Tavarez and Bayron were closely associated, and gave them probable cause to arrest her as a co-conspirator of Tavarez's involved in drug trafficking.

Because the agents had probable cause to arrest Bayron, the agents were entitled to search, pursuant to the arrest, her person and her car.  Accordingly, and because Bayron has not submitted an affidavit alleging facts contrary to those set forth in the Complaint or otherwise challenged the factual allegations of the Complaint, the motion to suppress should be denied without a hearing.

20

## IV.    <u>THE GOVERNMENT IS ENTITLED TO RECIPROCAL DISCOVERY</u>

The Government moves for reciprocal discovery under
Federal Rule of Criminal Procedure 16(b).  Specifically, the
Government moves the Court for an order directing Victor Tavarez
and Cresencia Bayron, to allow inspection and copying of (1) any
books, papers, documents, photographs, tangible objects, or
copies or portions thereof, which are in either defendant's
possession, custody or control, and which the defendant intends
to introduce as evidence or otherwise rely on at trial; and (2)
any results or reports of physical or mental examinations and of
scientific tests or experiments made in connection with this
case, or copies thereof, which are in the defendant's possession
or control, and which the defendant intends to introduce as
evidence or otherwise rely on at trial or which were prepared by
a witness whom the defendant intends to call at trial.

The Government also requests that the defendants be
ordered to disclose prior statements of the witnesses they will
call to testify.  <u>See</u> Fed. R. Crim. P. 26.2; <u>United States v.
Nobles</u>, 422 U.S. 225 (1975).  The Government requests that such
material be provided on the same basis upon which it agrees to
supply the defendant with 3500 material relating to Government
witnesses.

Finally, the Government moves the Court for an order
directing the defendants to provide written notice of the

defenses described in Federal Rules of Criminal Procedure 12.2, and 12.3. If the defendants plan to use one of the defenses referenced in those rules, the Government requests that notice be provided within the time period allowed by the Court for the filing of motions.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny all of the defendant's pre-trial motions.


Dated:    White Plains, New York
          August 22, 2007


Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: _____
Brent S. Wible
Assistant United States Attorney
(914) 993-1928 (phone)
(914) 682-3392 (fax)

22

AFFIRMATION OF SERVICE

JULIA GOODWIN, deposes and says that she is employed in the Office of the United States Attorney for the Southern District of New York;

That on August 22, 2007, she caused to be served true copies of the within:

Memorandum of Law of The United States of America

In Opposition To Cresencia Bayron's Pre-Trial Motions

\_\_\_\_    by Fax

\_\_\_\_    personally upon

\_X\_    by Federal Express

\_\_\_\_    by postal mail by mailing same in an envelope

addressed to:

Theordore S. Greene, Esq.
Greene & Willstatter
200 Mamaroneck Avenue - Suite 503
White Plains, NY 10601

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2007

Julia Goodwin

# EXHIBIT A