```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

UNITED STATES OF AMERICA,            07 Cr 375(SCR)

        -v.-

VICTOR TAVAREZ and CRESENCIA BAYRON,

            Defendants.

-----------------------------------X
```

REPLY MEMORANDUM OF LAW IN SUPPORT OF PRE-TRIAL MOTIONS
OF DEFENDANT CRESENCIA BAYRON

```
                        THEODORE S. GREEN
                        TG 1884
                        Attorney for Defendant
                        GREEN & WILLSTATTER
                        200 MAMARONECK AVE.
                        WHITE PLAINS, NEW YORK 10601
                        (914) 948-5656

TO:  BRENT S. WIBLE, ESQ.
     Assistant U.S. Attorney
     300 Quarropas Street
     White Plains, New York   10601
     (914) 993-1928
```

PDF created with pdfFactory trial version www.pdffactory.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT
POINT I
A HEARING IS REQUIRED ON THE ISSUE
OF PROBABLE CAUSE . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 3

PDF created with pdfFactory trial version www.pdffactory.com

TABLE OF AUTHORITIES

Cases

*United States v. Pena*, 961 F.2d 333 (2d Cir. 1992) . . . . . . 3

PDF created with pdfFactory trial version www.pdffactory.com

This memorandum is submitted in reply to the government's answer to defendant Cresencia Bayron's pre-trial motions and addresses whether a pre-trial evidentiary hearing is warranted on the issue of probable cause.

ARGUMENT

POINT I

A HEARING IS REQUIRED ON THE ISSUE OF PROBABLE CAUSE

There are sufficient facts in the motion record – both from Ms. Bayron's affidavit and from the facts claimed by the government as set forth in their complaint – to warrant a hearing on the issue of probable cause.

Even taking the allegations in the government's complaint on their face, if the information attributed to the confidential informant is subtracted, the observations that the agents claim to have made at the arrest scene are, we submit, plainly insufficient to support probable cause to arrest Ms. Bayron. While the parties may not agree on all of the details, it is undisputed that Ms. Bayron – a licensed cab driver – was driving a cab to the arrest scene in Yonkers, that she dropped off a passenger who was in the cab and that she was arrested as she was in the process of leaving the scene. While the government claims the passenger was in the front seat and that the drugs he was carrying were in a plastic bag, these additional claims (which, in any event, we do not

1

PDF created with pdfFactory trial version www.pdffactory.com

concede to be true) do not provide probable cause that Ms. Bayron, the driver of the cab, was engaged in criminal behavior or that she was aware that her passenger was. Notably, the government does not claim that the drugs alleged to have been in the passenger's possession were visible through the bag they are alleged to have been inside.

Accordingly, the reliability of the information supplied by the confidential informant to law enforcement assumes great importance in this probable cause determination. Because the arrest of Ms. Bayron was without a warrant, there was no prior determination of reliability by a neutral and detached magistrate and, accordingly, the agents cannot invoke the "good-faith" exception. The facts in the complaint are, we submit, too sketchy to alone justify a finding by this Court that the confidential informant had imparted reliable information supported by a sufficient basis of knowledge. Accordingly, there ought to be a pre-trial suppression hearing. Apart from the issue of whether the informant should be produced at such a hearing (for *in camera* questioning or otherwise), at a minimum, the officers who received the information from the informant and relied on it to make the arrest should be required to testify as to such matters as their knowledge of the informant, the details of what facts were supplied by that person and that person's basis of knowledge. Only in that way can the reliability of the informant be adequately

PDF created with pdfFactory trial version www.pdffactory.com

tested.    *see United States v. Pena*, 961 F.2d 333 (2d Cir. 1992).

CONCLUSION

FOR THE REASONS STATED HEREIN, THE RELIEF SOUGHT BY THE NOTICE OF MOTION SHOULD BE GRANTED

Dated:   White Plains, New York
         September 4, 2007

                              Respectfully submitted,


                              THEODORE S. GREEN
                              *Attorney for Cresencia Bayron*
                              GREEN & WILLSTATTER
                              200 Mamaroneck Avenue
                              White Plains, New York   10601
                              (914) 948-5656


TO:      BRENT S. WIBLE, ESQ.
         Assistant U.S. Attorney
         300 Quarropas Street
         White Plains, New York   10601
         (914) 993-1928

3

PDF created with pdfFactory trial version www.pdffactory.com